# Parker Law Firm

Robert Ted Parker
7 Mira Loma
Orinda, California 94563
Tel.: (925) 254-8011
tedparkerlaw@gmail.com

**S.F. Office**
CitiGroup Center
1 Sansome St., Suite 3500
San Francisco, CA 94104
Tel. 415-412-1615

April 11, 2013

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

Re: *Fried et al. v. Lehman Brothers Real Estate Associates III, L.P. et al, Civ. No. 11-4141*

Dear Judge Schofield:

  This responds to Defendants' letter of April 9, 2013 seeking another stay of discovery.

  It is true that Plaintiffs served identical sets of document requests on Defendants, and declined to voluntarily stay discovery again or defer a response until after the Court's ruling on a motion to dismiss. The discovery stay expired on December 20, 2012 with an appellate ruling in *Fried I*. We see little harm in asking eight Wall Street law firms to respond according to Fed.R.Civ.P. Rule 34(b), as Defendants have advised that their responses will consist simply of objections and they will refuse to produce any documents unless ordered. Thus, we should make the record clear as soon as possible.

  For support, Defendants present an inflated preview of their proposed motion to dismiss. They claim that Plaintiffs' fraud claims are destined for the same fate as the Rule 10b-5 claims in *Fried I*. But, in *Fried I*, the Court ruled on the basis that Rule 9's "sufficient particularity" was informed by the federal Private Securities Litigation Reform Act ("PSLRA") statute, while the *Fried II* Amended Complaint alleges only common-law fraud claims under state law. Defendants' only cited example of insufficient particularity is Plaintiffs' allegation of "39 separate instances" of misleading statements in the PPM, while quoting only a "sampling" of nine such statements. Actually, the omission of the remaining 30 was intended as an act of mercy. They were quoted at length in Plaintiffs' 86-page (*plus* exhibits) Second Amended Complaint in *Fried I*, and again in the 56-page State-filed Complaint removed to this Court in *Fried II* [Dkt.1], but pared down for the 36-page (and no exhibits) Amended Complaint in *Fried II*. This proves yet again that no good deed goes unpunished.

  While Defendants claim to be "exculpated from negligence," they admit this assumes the negligent act did not result from "fraud, bad faith, willful misconduct or gross negligence." But that sort of intentional misconduct is amply alleged in the Amended Complaint. Bad faith also expurgates

Defendants' claim that Delaware law allows unconscionable forfeitures of a partner's interest. See, *e.g., Hindman v. Salt Pond Assocs.,* 1992 WL 396304, *4 (Del.Ch.1992)(forfeiture allowed absent bad faith allegations). To call these arguments "potentially dispositive" is to engage in wishful thinking or to speak only theoretically about motions to dismiss in general.

Defendants' claim of "undue burden" is laughable in view of their announced intention to object to all document requests and produce nothing. They similarly refused to produce documents in Rule 26(f) initial disclosures, although no stay was in effect at the January 23, 2013 Rule 26(f) conference. See, *Joint Rule 26(f) Report,* page 6, Docket No. 39. All 8 firms were on the phone, and all refused. Nothing very "burdensome" there, and nothing burdensome in serving identical objections.

Plaintiffs would indeed be prejudiced by a further stay to discovery. Plaintiffs first filed suit in October 2009, 3½ years ago, and have yet to receive a single page of discovery. Defendants' request for a discovery stay would extend this period well beyond 4 years,[1] based simply on their claims that common-law fraud allegations should be treated similarly as 10b-5 claims under PSLRA, and that they have *carte-blanche* exculpation from negligence and unconscionable forfeiture.

Defendants' responses to document discovery are due on April 29, well before the May 21 hearing date on Plaintiffs' Motion to Remand.[2] Their proposed objections to 29 identical requests will not require 8 firms to furrow their brows for long. They tend to write and speak with a single voice, as with their recent letter to the Court, so identical refusals are to be anticipated. Their request for stay of discovery will simply postpone the objections for at least 9 months.

Finally, by opposing the request for stay, Plaintiffs do not concede that their claims are cognizable in federal court. Plaintiffs allege solely state-law claims in the Amended Complaint. There is no basis for federal jurisdiction in the claims alleged and parties named, and even if some remote basis for "related to" jurisdiction exits, mandatory abstention applies under 28 U.S.C. §1334(c)(2).

Respectfully submitted,

Robert Ted Parker

---

[1] A stay could easily extend 9 months. May 21 is the Hearing date for the Motion to Remand. Assuming one month for the Court's ruling, to June 21, Defendants then have 45 days (to August 5) to file a motion to dismiss. The Court's Jan. 25th Order (Dkt. 41) allows 66 days total for opposition and reply briefing (45 and 21 days, respectively) taking until October 1 for a Reply. Assuming the motion is heard 30 days later (November 1), and the Court ruled in 30 days (to December 1), Defendants would have the 30 days' discovery response time under Rule 34 (to January 1, 2014) to then respond by objecting to burden and overbreadth as their letter does today.

[2] Plaintiffs also filed a Motion to Abstain on April 8 [Dkt. 60] which also pertains to remand to State court, that Plaintiffs suggest be heard at the same time on May 21, 2013.