```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
BARBARA J. FRIED et al,                                     :
                                          Plaintiffs,       :
                                                            :     11 Civ. 04141 (LGS)
                    -against-                               :
                                                            :     ORDER AND OPINION
LEHMAN BROTHERS REAL ESTATE                                 :
ASSOCIATES III, L.P. et al,                                 :
                                          Defendants.       :
                                                            :
------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/30/13

LORNA G. SCHOFIELD, District Judge:

Following District Judge Barbara Jones's dismissal of a related matter ("*Fried I*"), Plaintiffs filed this action in the Supreme Court of the State of New York, pleading various federal and state law claims against Defendants arising from failed investments with Defendant Lehman Brothers Real Estate Associates III.[1] On June 17, 2011, Defendants removed the lawsuit to this Court, and on June 24, 2011, moved to stay this action pending the outcome of Plaintiffs' appeal of *Fried I*. On July 15, 2011, Plaintiffs moved the Court to remand for lack of subject matter jurisdiction.

On January 25, 2012, Judge Jones denied the motion to remand, and entered a stay pending the Second Circuit's decision in *Fried I*. (Dkt. No. 27). On December 20, 2012, the Second Circuit summarily affirmed the dismissal of *Fried I*. *Fried v. Lehman Bros. Real Estate Assocs. III, L.P.*, 2012 WL 6621300 (2d Cir. Dec. 20, 2012). Plaintiffs now renew their motion to remand, or in the alternative, move the Court to abstain from hearing the case. Plaintiffs argue that two intervening changes have divested this Court of subject matter jurisdiction: (1) the

---

[1] The related case is *Fried v. Lehman Brothers Real Estate Associates III, L.P.*, 09–cv–9100, which features identical defendants (with the exception of two individual defendants that appear in this case). On March 9, 2011, this Court dismissed all of the federal claims in that action and declined to exercise supplemental jurisdiction over the remaining state law claims. *Fried I* Op. 32.

Chapter 11 bankruptcy proceedings of Lehman Brothers Holdings, Inc. ("LHI") is now in the post-confirmation stage, allegedly removing "related to" jurisdiction over this case, and (2) Plaintiffs amended their Complaint on February 28, 2013, removing any federal statutory claims and references to federal statutes that might give this Court federal question jurisdiction.

For the reasons stated below, Plaintiffs' motion to remand for lack of subject matter jurisdiction is DENIED, and Plaintiffs' motion that the Court abstain from exercising its jurisdiction is GRANTED.

## I. Factual Background

The factual background of this case, little of which has changed, is described in greater detail in Judge Jones's previous decision denying remand and staying this action. *Fried v. Lehman Bros. Real Estate Associates III, L.P.*, No. 11 Civ. 4141, 2012 WL 252139, at *4 (S.D.N.Y. Jan. 25, 2012). The only significant change is the confirmation of LHI's bankruptcy plan of reorganization (the "Lehman Plan") on December 6, 2011, with an effective date of March 6, 2012. (Ex. B. to Colangelo Decl., Dkt. No. 69.) As a liquidating Chapter 11 estate, LHI is distributing assets to creditors pursuant to the confirmed Lehman Plan. The liquidation process is being guided by a seven-member board and will continue for several more years. (Ex. A to Parker Decl., Dkt. No. 49.)

## II. Discussion

### A. Subject Matter Jurisdiction

In what was clearly an effort to deny this Court jurisdiction, Plaintiffs have amended the Complaint to remove all federal law claims and references, so that the Amended Complaint contains only state law claims. There is great debate among the federal courts as to whether or not amendments can be employed post-removal to defeat federal jurisdiction. *See Payne v.*

2

*Parkchester N. Condos.,* 134 F. Supp. 2d 582, 583 (S.D.N.Y. 2001) (discussing opposing viewpoints).  Courts consider "the values of judicial economy, convenience, fairness, and comity" in deciding whether to allow pleading amendments to affect the forum in which the case is heard.  *Id.* at 584 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  Here, where there has been no discovery on either the original or the Amended Complaint, the Court does not find any prejudice against the Defendants in considering Plaintiffs' Amended Complaint for purposes of this motion.  Indeed, the Defendants do not appear to assert any federal question jurisdiction, and the Court does not find any.

With regard to this Court's alternate basis for federal jurisdiction, Plaintiffs contend that the end of bankruptcy protection for the LHI estate on March 6, 2012, divests this court of jurisdiction as a matter "related to" the LHI bankruptcy proceeding.  This is incorrect.  28 U.S.C. §1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or *related to* cases under title 11."  28 U.S.C. §1334(b) (emphasis added).  A court has jurisdiction over a removed case if "the action's outcome might have any conceivable effect on the bankruptcy estate."  *Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011) (internal quotation omitted).  Judge Jones found that this case could have a conceivable effect on the Lehman bankruptcy estate in three ways that conferred "related to" jurisdiction.  *Fried II*, 2012 WL 252139 at *4.  First, Defendants can draw, and some currently draw, on LHI-owned insurance policies to cover defense costs, and may be able to draw on those policies to cover certain money damages.  Second, LHI is obligated to indemnify certain individual Defendants for litigation costs and liabilities, and most of these Defendants have filed contingent proofs of claim in the bankruptcy proceedings.  *Id.*  Third, since LHI owns, directly or indirectly, all or a significant part of three of

3

the entity defendants, any damages paid by them will draw directly from LHI assets. Each of these facts is still true post-confirmation, and each has the potential to affect the execution and administration of the Lehman Plan in that they could all affect amounts available to be paid to LHI's creditors. (Rao Decl., Dkt. No. 70.)

That LHI has emerged from bankruptcy protection, and the Lehman Plan is in the implementation stage under the continued jurisdiction of the Bankruptcy Court, does not change the analysis. When a plan provides for liquidating assets, rather than reorganizing the company as a going concern, "related to" jurisdiction remains broad because two of the justifications for narrower jurisdiction at the post-confirmation stage do not apply. In a liquidation setting, the reorganized debtor does not require "emancipation" from the constraints of bankruptcy protection to proceed with its business; nor is a liquidating debtor unfairly advantaged in the marketplace by the continued protections of bankruptcy court. *See generally In re Refco, Inc. Sec. Litig.*, 628 F. Supp. 2d 432, 441-42 (S.D.N.Y. 2008), citing *In re Boston Reg'l Med. Ctr., Inc.*, 410 F.3d 100, 106 (1st Cir. 2005).

Even if Plaintiffs were correct that this action, were it filed today, would not be subject to "related to" jurisdiction under 28 U.S.C. § 1334, Plaintiffs are incorrect that this Court is divested of jurisdiction by events that occurred after removal. Judge Cote addressed this precise question in *In re Worldcom,* holding:

> Although the Second Circuit standard for 'related to' jurisdiction requires a court to determine whether an action will have 'any conceivable effect' on the bankruptcy estate, . . . it does not require federal district courts constantly to revisit jurisdictional findings to determine whether the effect of the litigation on the bankruptcy estate remains 'conceivable.' Instead, federal jurisdiction arising under Section 1334 is determined, like federal jurisdiction generally, on the basis [of the facts] at the time of removal.

4

*In re WorldCom, Inc. Sec. Litig.*, 294 B.R. 553, 556 (S.D.N.Y. 2003) *aff'd sub nom. Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86 (2d Cir. 2004) (internal citations omitted). A contrary rule "would create perverse incentives for the parties to engage in delay and gamesmanship." *Id.* at 557.

### B. Abstention

#### i. Mandatory Abstention

Plaintiffs separately move this Court to remand based upon either mandatory abstention under 28 U.S.C. § 1334(c)(2) or discretionary abstention under 28 U.S.C. § 1334(c)(1). Abstention is warranted on both grounds.

There are six requirements for mandatory abstention: (1) the motion to abstain is timely; (2) the action is based on a state law claim; (3) the action is "related to" but not "arising in" a bankruptcy case or "arising under" the Bankruptcy Code; (4) Section 1334 provides the sole basis for federal jurisdiction; (5) an action is commenced in state court; and (6) the action can be timely adjudicated in state court. *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 331 (S.D.N.Y. 2003). Only the first and last requirements are in dispute.

Regarding the last requirement, that the action can be timely adjudicated in state court, Judge Jones addressed and rejected Plaintiffs' earlier request for mandatory abstention on this ground: "Plaintiffs have not provided enough evidence to show that this action would be timely adjudicated in state court. Rather, they have supplied several reasons for why the action would suffer greater delay in state court." *Fried II*, 2012 WL 252139 at *4.

The Second Circuit recently cautioned District Courts about applying the usual presumption that the movant carries the burden in asking for relief when addressing mandatory abstention. *Parmalat*, 639 F.3d at 582. "Typically, a party seeking relief bears the burden to

5

show he is entitled to that relief.  Placing the burden on the party seeking remand may nevertheless be inconsistent with the mandatory nature of abstention under § 1334(c)(2) as well as the principles of comity, which presume that a state court will operate efficiently and effectively.  Accordingly, when examining this issue, the district court should consider these significant competing concerns." *Id*.  (internal citations omitted).

Plaintiffs argue that state adjudication would be timely given recent experience with the New York courts.  (Russell Decl., Dkt. No. 63 at ¶ 7.)  Defendants have offered no evidence to the contrary, relying on Judge Jones's opinion.  While Judge Jones's holding may be law of the case, it is not binding on this Court.  *Aramony v. United Way of Am.*, 254 F.3d 403, 410 (2d Cir. 2001) ("Application of the law of the case doctrine is discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment.")

Whether a case can be timely adjudicated for the purposes of mandatory abstention analysis requires more than an analysis of the relative speed of the state and federal forums. "Four factors come into play in evaluating 1334(c)(2) timeliness: (1) the backlog of the state court's calendar relative to the federal court's calendar; (2) the complexity of the issues presented and the respective expertise of each forum; (3) the status of the title 11 bankruptcy proceeding to which the state law claims are related; and (4) whether the state court proceeding would prolong the administration or liquidation of the estate." *Parmalat,* 639 F.3d at 580.  While the state court may not be, as Judge Jones found, faster than this Court, the status of the Lehman Plan weighs in favor of remand when applied to factors three and four.  It is doubtful that this matter will have any significant effect on the timely administration and liquidation of the LHI estate.

The only remaining issue in dispute is whether the instant motion was timely. Defendants argue that, after 30 days following the notice of removal, 28 U.S.C. § 1447(c)

prohibits motions for remand for any reason other than lack of subject matter jurisdiction. They argue that Plaintiffs' abstention argument therefore is untimely, citing *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 522 F. Supp. 2d 557, 561 (S.D.N.Y. 2007), *aff'd sub nom*. *Orange Cnty. Water Dist. v. Unocal Corp.*, 584 F.3d 43, 50 (2d Cir. 2009) ("we have found challenges to *removal defects* under § 1441(a) and (b) to be waivable") (emphasis added).

While motions to remand based upon defects in removal procedure other than subject matter jurisdiction are considered waivable and subject to the 30-day limit of § 1447(c), motions to abstain pursuant to 28 U.S.C. § 1334 and § 1452(b) are not governed by § 1447(c). Abstention motions do not concern removal procedure, but instead whether a court will exercise the jurisdiction it has. *See Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995) (holding that the grounds for remand under § 1447(c) are for defects in removal procedure or for lack of subject-matter jurisdiction); *accord In re New 118th LLC,* 396 B.R. 885, 894 n.7 (Bankr. S.D.N.Y. 2008); *In re Exeter Holding, Ltd.*, 2013 WL 1084548 (Bankr. E.D.N.Y. Mar. 14, 2013) ("However, this thirty-day deadline to seek remand under § 1447(c) is inapplicable to a request for remand from the bankruptcy court 'on any equitable ground' under § 1452(b).").

"Section 1334(c)(2) does not define 'timely' and courts apply a case-by-case approach. The relevant considerations include…whether the movant moves as soon as possible after he or she should have learned the grounds for such a motion." *In re New 118th LLC*, 396 B.R. 885, 893 (Bankr. S.D.N.Y. 2008) (internal citations omitted). Here the one-year stay of this action expired on January 10, 2013. On February 28, 2013, Plaintiffs filed their Amended Complaint, eliminating any basis for federal question jurisdiction. On March 6, 2013, Plaintiffs filed their second motion to remand based on lack of subject matter jurisdiction. On April 5, 2013, 37 days

7

after the filing of the Amended Complaint, Plaintiffs filed a motion asking the court to abstain from exercising jurisdiction. The motion to abstain was therefore timely.

The six requirements for mandatory abstention have been met. Accordingly, this Court abstains based on Section 1334(c)(2).

### ii. Permissive Abstention

Plaintiffs also ask the Court to abstain under the doctrine of permissive abstention. Even if mandatory abstention did not apply, the Court would abstain based on permissive abstention.

A district court may abstain under its own discretion pursuant to Section 1334(c)(1) ("…nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11"), or a court may remand on equitable grounds under Section 1452(b) ("The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."). *See Certain Underwriters at Lloyd's, London v. ABB Lummus Global, Inc.*, No. 03 Civ. 724, 2004 WL 224505, *8 (S.D.N.Y. Feb. 5, 2004) ("the factors for equitable remand are virtually identical to the factors for discretionary abstention").

Courts in this district typically turn to a twelve-factor test to analyze permissive abstention:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood

8

> that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties.

*See, e.g., In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 332 (S.D.N.Y. 2003); *Allstate Ins. Co. v. CitiMortgage, Inc.*, 2012 WL 967582 (S.D.N.Y. Mar. 13, 2012); *Langston Law Firm v. Mississippi*, 410 B.R. 150, 156 (S.D.N.Y. 2008); *In re Gordon*, 2011 WL 3878356 (Bankr. S.D.N.Y. Aug. 30, 2011).

"In determining whether to exercise permissive abstention under § 1334(c) courts have considered *one or more* (not necessarily all) of twelve factors." *In re Cody, Inc.*, 281 B.R. 182, 190 (S.D.N.Y. 2002) (emphasis in original). The factors largely ask the Court to balance the federal interest in efficient bankruptcy administration against the interest of comity between the state and federal courts.

In this case, most of the factors relevant to permissive abstention weigh in favor of the state forum. The Amended Complaint is based entirely on state law, and there are no bankruptcy or other federal issues (factors 2, 6, 7, 8); the Plaintiffs commenced this action in state court (factor 4); the parties are entitled to a jury trial, which would be unavailable in the bankruptcy court (factor 11); the sole basis for federal jurisdiction is "related to" jurisdiction under 28 U.S.C. § 1334 (factor 5); state adjudication will not impede the efficient administration of the bankruptcy estate (factor 1); and neither LHI nor any of the other former debtors is a party to this action.

If the state law claims here were difficult or unsettled (factor 3), that would weigh in favor of state court adjudication, but the fact that the claims here are straightforward is not a reason for the case to proceed in federal court. On the whole, the factors weigh in favor of remand based on principles of comity between the federal and state courts.

### III. Conclusion

For the reasons set forth above, Plaintiffs' motion to dismiss for lack of subject matter jurisdiction is DENIED, and Plaintiffs' motion that the court abstain from exercising jurisdiction is GRANTED.

The Clerk of the Court is directed to terminate the motions at docket numbers 55 and 60 and mark the case closed.

SO ORDERED.

Dated: May 30, 2013
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE